UNITED STATES DISTRICT COURT      JS-6 / REMAND

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-8192 DMG(Ex)** | Date | March 31, 2015 |
|---|---|---|---|

| Title | *Mimi Steel v. Federal Express Corporation, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR AWARD OF COSTS AND FEES [18]**

**I.
INTRODUCTION**

On December 15, 2014, Plaintiff Mimi Steel filed a Motion to Remand and for Award of Costs and Fees. [Doc. # 18.] On December 26, 2014, Defendant Federal Express Corporation ("FedEx") filed an opposition. [Doc. # 22.] On December 30, 2014, Amicus California Employment Law Council ("CELC") filed an amicus brief ("CELC Brief") in support of Defendant's Opposition. [Doc. # 27.] On January 6, 2015, Access to Courts Initiative and American Coatings Association, Inc. ("ACI/ACA") also filed an amicus brief ("ACI/ACA Brief") in support of Defendant's Opposition. [Doc. # 31.] On January 2, 2015, Plaintiff filed her reply to the opposition. [Doc. # 29.] On January 9, 2015, Plaintiff responded to the amicus briefs. [Doc. ## 35, 36.]

On January 14, 2015, the Court deemed the Motion appropriate for decision without oral argument. [Doc. # 42.] Having duly considered the parties' and amici's written submissions, the Court **GRANTS** the Motion to Remand.

**II.
FACTUAL AND PROCEDURAL BACKGROUND**

On September 8, 2014, Plaintiff filed a complaint in Los Angeles County Superior Court against Defendants FedEx and David Egure ("Egure"), raising claims for: (1) discriminatory failure to promote based on race in violation of the California Fair Employment and Housing Act ("FEHA") against FedEx; (2) discriminatory failure to promote based on gender in violation of the FEHA against FedEx; (3) retaliation in violation of the FEHA against FedEx; (4) breach of contract against FedEx; (5) discrimination in violation of public policy against FedEx and Egure; (6) retaliation in violation of public policy against FedEx and Egure; and (7) intentional infliction

UNITED STATES DISTRICT COURT            JS-6 / REMAND

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-8192 DMG(Ex)** | Date | March 31, 2015 |
|---|---|---|---|
| Title | *Mimi Steel v. Federal Express Corporation, et al.* | Page | 2 of 5 |

of emotional distress against FedEx and Egure.  (Notice of Removal ("Removal") ¶ 3, Exh. A ("Complaint") [Doc. # 1].)  The Complaint alleged that Plaintiff is a "resident of the County of Los Angeles, State of California"; FedEx "is, and at all times relevant was, authorized and licensed to do, and was doing business, throughout the State of California, including within the County of Los Angeles"; and Egure "is a resident of the County of Los Angeles, State of California."  (Compl. ¶¶ 1, 2, 4.)

On October 22, 2014, FedEx filed a petition and notice of removal ("Removal") in an effort to remove this action from the Los Angeles County Superior Court to this court on the theory of fraudulent joinder.  (Removal ¶ 21.)  In the Notice of Removal, FedEx asserted "[t]his Court has jurisdiction over this action because it is a controversy between citizens of different states and therefore satisfies diversity of citizenship requirements" and because the Complaint "contemplates an amount in controversy in excess of $75,000.00."  (*Id.*  ¶¶ 1, 5.)  FedEx clarified that it, in fact, is a citizen of Delaware and Tennessee.  (*Id.* ¶ 2.)  Plaintiff does not oppose this assertion in her Motion.  FedEx then argued that "Plaintiff employs a common device to prevent removal of an employment lawsuit by naming a manager, who is not diverse, as an individual defendant in the Complaint at the outset."  (*Id.* ¶ 22.)

On December 15, 2014, Plaintiff filed her Motion to remand this action back to Los Angeles County Superior Court, denying Egure is a sham defendant.  (Mot. at 3.)  Plaintiff also seeks an award of costs and attorney fees under 28 U.S.C. § 1447(c) because the case was wrongfully removed.  (*Id.* at 7.)

### III.
### MOTION TO REMAND

**A.**     **Legal Standard**

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship.  *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.  However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted.)  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a

UNITED STATES DISTRICT COURT                    JS-6 / REMAND

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-8192 DMG(Ex)** | Date | March 31, 2015 |
| Title | *Mimi Steel v. Federal Express Corporation, et al.* | Page | 3 of 5 |

"strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (To determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). "The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). "[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

**B.    Discussion**

Plaintiff moves to remand this action to Los Angeles County Superior Court, asserting that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are not completely diverse. Although Plaintiff and Egure are California citizens, FedEx contends that Egure was fraudulently joined, and diversity of citizenship otherwise exists between Plaintiff and FedEx. Although Plaintiff's fifth, sixth, and seventh causes of action are against Egure, Plaintiff's only argument against removal concerns the seventh cause of action for intentional infliction of emotional distress.[1]

---

[1] Because Plaintiff did not address the fifth and sixth causes of action, the Court need not discuss those claims for the purpose of ruling on this Motion.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT JS-6 / REMAND

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 14-8192 DMG(Ex) | Date | March 31, 2015 |
|---|---|---|---|
| Title | *Mimi Steel v. Federal Express Corporation, et al.* | Page | 4 of 5 |

 Plaintiff asserts her claim for intentional infliction of emotional distress against Egure is "plainly cognizable under California law." (Mot. at 5.) FedEx, on the other hand, argues first that Plaintiff cannot state a claim against Egure for intentional infliction of emotional distress because "it is well-settled under California law that claims for work-related emotional injuries, whether negligent or intentional, are subject to workers' compensation exclusivity." (Removal ¶ 24.) Indeed, "under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act." *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2002) (*Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 233 Cal. Rptr. 308, 729 P.2d 743, 750 (1987)). "However, where the plaintiff has contended that the employer's conduct is outside the normal risks of the employment relation, claims for emotional distress are not preempted by [workers' compensation]." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). "There is no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain. Nevertheless, district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." *Id.* at 1055 (quoting *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003)).

 Here, Plaintiff's intentional infliction of emotional distress claim is based on the allegation that she was passed over for promotions eight times and that Egure "militated" against her promotion with "improper and illicit" discriminatory and retaliatory motives. (Compl. ¶¶ 14-24, 88, 96.) Racial and gender discrimination, obviously, are not a "normal part of the employment relationship." *Miller v. Fairchild Indus., Inc.,* 885 F.2d 498, 510 (9th Cir. 1989).

 Furthermore, Defendants contend that "Plaintiff has not alleged anything more than discrimination, which, as illustrated by Janken and Hobdy, is not enough to support an IIED claim." (Opp'n at 5.) Defendant has not shown, however, that Plaintiff would not be able to cure any purported deficiencies upon being granted leave to amend her Complaint.[2] As such, Egure is not a fraudulently joined defendant under the applicable standard.[3]

---

 [2] Plaintiff also challenges FedEx's argument in support of removal that Egure is privileged from suit by co-employees because he was acting in a managerial capacity. (Mot. at 7.) Because Defendant does not directly address this point in its Opposition, it appears that Defendant has conceded the issue. The Court therefore need not address it.

 [3] CELC's *amicus* brief puts forth two reasons for denying Plaintiff's Motion which are not addressed in FedEx's opposition: (1) FedEx has an obligation to indemnify and defend Defendant Egure, which makes FedEx the only real party in interest; and (2) it is unconstitutional to deny removal to a foreign corporation when the plaintiff also sues an individual who is a resident of California. (CELC Brief at 2-3.) The Court rejects both of these contentions. The purpose of indemnification under California Labor Code section 2802 is for the employer to

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 / REMAND |

CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 14-8192 DMG(Ex) | Date | March 31, 2015 |
|---|---|---|---|
| Title | *Mimi Steel v. Federal Express Corporation, et al.* | Page | 5 of 5 |

### III.
### REQUEST FOR AWARD OF COSTS AND FEES

Plaintiff also asks for attorney's fees and costs in the amount of $7,800.00 pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Except in "unusual circumstances," a court may award fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v.Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although FedEx has failed to meet its burden in supporting removal, it did not lack an objectively reasonable basis for attempting to remove this case. The Court therefore finds that Plaintiff is not entitled to attorney's fees and costs.

### IV.
### CONCLUSION

In light of the foregoing, Plaintiff's motion to remand is **GRANTED** and Plaintiff's request for costs and fees is **DENIED**. This case is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

pay "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802. Employer indemnification does not mean that Egure is no longer a real party in interest for purposes of resolving liability or the question of diversity jurisdiction. Tellingly, CELC can cite to no authority to support its position. CELC also fails to cite any authority to support its bald assertion that denying removal to federal court under the circumstances of this case is unconstitutional. To the contrary, CELC recognizes that "this Court is bound to follow existing law with respect to the requirement of complete diversity." (CELC Brief at 3.) Existing law in the Ninth Circuit recognizes that there is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc.*, 599 F.3d at 1107. Although ACI/ACA's *amicus* brief devotes its attention to the reason why there is no such presumption against removal and that any such presumption is unconstitutional (ACI/ACA Brief at 3-9), this Court is obligated to follow Ninth Circuit authority. Moreover, the Supreme Court in *Breuer v. Jim's Concrete of Brevard, Inc.,* made clear that the plaintiff bears the burden of finding an express exception to removal jurisdiction "*whenever the subject matter of an action qualifies it for removal.*" 538 U.S. 691, 698 (emphasis added). Here, the Court finds that it lacks subject matter jurisdiction because FedEx has not borne its initial burden of demonstrating fraudulent joinder justifying removal in the first instance.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |